## COOK v. STATE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9083. Decided Sept. 24, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**TRIAL.**
(590 Nb) Refusal of court to hear testimony of competent witnesses upon motion for new trial, evidence of complaining witness having been uncorroborated, ground for reversal.

**CRIMINAL LAW.**
(190 V2b) Failure to prove venue, ground for reversal.

Error to Municipal Court.

Judgment reversed.

Albert F. Shulman, Cleveland, for Cook.

D. H. Laurienzo, Cleveland, for State.

### STATEMENT OF FACTS.

In the court below plaintiff in error was charged with assault and battery upon the complaining witness, on affidavit having been properly filed to that effect, and on the hearing, he not being represented by counsel, was found guilty and sentenced to the Workhouse for a period of twenty days. Immediately thereafter an attorney was employed by the defendant and he made a motion for a new trial and sought to introduce evidence on that motion, bringing four or five high class reputable men to the court for the purpose of testifying on behalf of the defendant below. The Court practically refused to hear the testimony saying that even if they would testify to this man's good character that would not be sufficient grounds for a new trial.

It seems from what we learn in this case that the defendant was a solicitor for the Metropolitan Insurance Company and went to the home of the complaining witness for the purpose of handing her the check that the Insurance Company claimed was due her by reason of the death of her little daughter who had been insured. The complaining witness alleges that Cook put his hand upon her knee and upon her breast and made indecent proposals to her and she remonstrated and went to the kitchen where he followed her and he was in the house about forty-five minutes. When he left, according to her statement, he threatened to come back on the 30th I believe, when he expected to accomplish his purpose, the record not showing what that purpose was except by inference.

Cook got on the witness stand and admitted he put his hand on her knee, but the reason for it was that she was crying and he had recently lost a child of his own and was sympathetic and he simply touched her knee with no ulterior purpose and he admitted he followed her to the kitchen, but in effect denies everything else.

VICKERY, J.

Now it will be seen that this testimony of the complaining witness is uncorroborated. Of course the trial judge had a chance to see the two parties and was able better to judge the weight of the testimony than we. We do not contend that it is necessary in this sort of a case to have corroborative testimony, and yet it would have been better had that been produced, but in view of the fact that this man apparently bore a good reputation, it would be such a detriment to him to serve twenty days in the Workhouse, bringing disgrace to him and his family, that we think the court should have heard the testimony of the witnesses, for they were very high class men who were willing to testify as to his good character, and inasmuch as the complaining witness's testimony is uncorroborated, the testimony as to his good character would be very important and very material, also the fact that the court assumed that they would testify as to his good character is quite different from hearing the testimony.

We think, under the circumstances, the court should have heard what these men had to say in regard to this man's good character or reputation.

There is another thing in the record. It nowhere shows any venue. This apparently was an oversight, as the affidavit sets up where the alleged assault took place, but we assert that it is necessary to prove in the trial of a criminal action, the venue as an important factor in the case.

We think, therefore, that the case should be reversed first, because the court refused to hear the testimony of competent witnesses upon a motion for a new trial, which was important in this kind of a case since the evidence of the complaining witness was uncorroborated, and second, because the record does not show any venue. The judgment will, therefore, be reversed and remanded to the Municipal Court for a new trial.

(Sullivan, PJ., and Levine, J., concur.)